UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY BROOKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:05CV1144 CEJ |
| ) | (TIA) |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for Appointment of Counsel and Motion for a Stay and Abeyance. The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

On July 25, 2005, petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. He filed a motion for appointment of counsel on that same date, alleging that he is unable to afford counsel; the issues in his case are complex; the issues will require investigation which Petitioner cannot do while confined; Petitioner's access to the law library is limited; and Petitioner has limited knowledge of the law. Thus, he requests that the court appoint him an attorney. Petitioner also requests that this Court stay the petition to allow him to exhaust any unexhausted claims in state court.

First, with regard to Petitioner's request for an attorney, "there is neither a constitutional nor statutory right to counsel in habeas proceedings . . . ." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). In order to determine whether appointment of counsel is appropriate, the Court must consider "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." Id. (citations omitted). In the instant case,

while Petitioner raises eleven grounds for habeas relief, they do not appear to be factually or legally complex. Further, careful review of the petition and the traverse indicates that Petitioner has thus far been able to articulate his claims in a clear, concise manner. Because Petitioner has demonstrated an ability to adequately present his claims without an attorney, his motion for appointment of counsel will be denied at this time.

Petitioner also requests that the Court stay his petition to allow him to exhaust any unexhausted claims in state court. Petitioner cites Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005) in support of this proposition. However, Rhines specifically states that "stay and abeyance should be available only in limited circumstances." Id. at 1535. Indeed, the Court found that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."

In the instant case, Petitioner is unable to show good cause. The petition, along with exhibits filed by the Respondent, demonstrates that Petitioner filed a direct appeal, a Rule 29.15 motion, and an appeal from the denial of his post-conviction motion. Thus, he had the opportunity to raise his unexhausted claims in the previous state court actions. Therefore, Petitioner's motion for a stay and abeyance will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel [Doc. #4] is **DENIED**. If the Court later determines that counsel is necessary, the appropriate order will be issued.

**IT IS FURTHER ORDERED** that Petitioner's Motion for a Stay and Abeyance [Doc. #18] is **DENIED.**

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  9th   day of January, 2006.