UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY BROOKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:05CV1144 CEJ |
| ) | (TIA) |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Petition of Larry Brooks for a writ of habeas corpus under 28 U.S.C. § 2254. The case was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b).

## Procedural History

Petitioner, Larry Brooks, is presently incarcerated at the Jefferson City Correctional Center located in Jefferson City, Missouri, pursuant to the sentence and judgment of the Circuit Court of Lincoln County, Missouri. On June 8, 2001, after a trial by jury, Petitioner was convicted of one count of first degree murder and one count of armed criminal action. (Resp. Exh. C, pp. 38-9) The trial court sentenced Petitioner as a prior offender to consecutive terms of life imprisonment without the possibility of parole and twenty-five years imprisonment. (Resp. Exh. C, pp. 46-7)

Petitioner filed a direct appeal, and on May 7, 2002, the Missouri Court of Appeals affirmed the judgment. (Resp. Exh. F) In addition, Petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15. (Resp. Exh. G, pp. 3-21) The motion court denied Petitioner's motion on September 17, 2003. (Resp. Exh. G, pp. 22-4) Petitioner appealed the motion court's denial of Petitioner's post-conviction motion, which the Missouri Court of Appeals affirmed on

October 19, 2004. (Resp. Exh. K)  On July 25, 2005, Petitioner filed the instant Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus in federal court.

## Petitioner's Claims

In his Petition, Mr. Brooks raises eleven claims for federal habeas relief:

(1) The trial court erred by admitting hearsay evidence;

(2) Trial counsel was ineffective for failing to properly preserve objections to the admission of hearsay testimony;

(3) Trial counsel was ineffective for failing to investigate whether medications taken by the victim may have affected her memory;

(4) Trial counsel was ineffective for failing to investigate medical evidence indicating that the victim was calm and responsive after the assault;

(5) Trial counsel was ineffective for failing to impeach the State's witness Wilkerson;

(6) Petitioner's due process rights were violated because there was insufficient evidence connecting him to the murder;

(7) The trial court erred in impaneling the jury because the court called only 53 people for the venire panel, the venire panel was entirely Caucasian, some venire persons had ties to the prosecution and witnesses, and two jurors were victims of assault;

(8) The trial court erred in allowing a State's witness to be present during voir dire and the evidentiary phase of the trial;

(9) The prosecution maliciously prosecuted Petitioner because there was no physical evidence connecting Petitioner to the crime;

(10) Petitioner's conviction constituted a "manifest injustice"; and

(11) Petitioner was wrongfully convicted and is actually innocent.

## Claim One

Petitioner first claims that the trial court erred by admitting hearsay evidence from the victim prior to her death. The Respondent contends that this claim is without merit, as the state court's

admission of this testimony did not violate Petitioner's constitutional rights.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record). Further, "[t]he admissibility of evidence in a state trial is a matter of state law, and thus [the court] will grant habeas relief only if the state court's evidentiary ruling 'infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process.'" Palmer v. Clarke. 408 F.3d 423, 436 (8th Cir. 2005) (quoting Clark v. Groose, 16 F.3d 960, 963 (8th Cir. 1994)).

In the instant case, Petitioner raised this claim on direct appeal. However, the Missouri Court of Appeals reviewed the claim for plain error due to Petitioner's failure to object at trial. (Resp. Exh. F, p. 2) The Missouri Court of Appeals stated that "[a] claim of plain error lies only where there are substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." (Resp. Exh. F, p. 2) Applying this standard to Petitioner's case, the court found:

> Considering the facts in the light most favorable to the verdict, State v. Thompson, 985 S.W.2d 779, 782 (Mo. banc 1999), Victim was attacked around 9:00 a.m. and was unconscious until approximately 10:30 a.m. After regaining consciousness, Victim walked to the home of her neighbors, Alfred and Nadine Gilbert, and told them Defendant beat her with a baseball bat. Before lapsing into a

3

comatose state, Victim made similar statements to the police officers at the scene, an EMT, a paramedic, a doctor, and a nurse.

A hearsay statement is an out-of-court statement offered to prove the truth of the matter asserted. State v. Sutherland, 939 S.W.2d 373, 376 (Mo. banc 1997). The admission of a hearsay statement against a criminal defendant violates his or her Sixth Amendment right to confront adverse witnesses and is generally inadmissible. Shaw, 14 S.W.3d at 81. A hearsay statement is admissible, however, when the statement falls within a recognized exception to the hearsay rule. Sutherland, 939 S.W.2d at 376. Here, the State contends that the excited utterance exception applies.

. . .

Here, victim was severely injured and still under the stress of the attack when she made the statements. Although there was a time lapse between the attack and Victim's statement, it appears from the evidence that Victim was unconscious during much of that time. Moreover, there is no evidence to suggest that Victim used that time to fabricate a story.

. . .

Because we find all of the elements of the excited utterance exception have been satisfied, the testimony regarding Victim's statements implicating Defendant were admissible.

Additionally, even if the testimony was not properly admitted, we find Defendant was not prejudiced because there was overwhelming evidence of his guilt.

Here, the Defendant admitted to the police that he was at Victim's house the morning of the beating. When the police officers checked Victim's house, there was no sign of forced entry. Freddie Wilkerson, who was incarcerated with Defendant, testified that Defendant said he beat Victim with a baseball bat, and provided details of the way in which Defendant wrapped the bat with toilet paper and where Victim was struck. Alice Turner, Defendant's mother, told the police that Defendant said he and victim fought that morning and that Victim tried to hit him with a baseball bat.

In light of the overwhelming evidence of Defendant's guilt, the contested testimony is merely cumulative to other properly admitted evidence. We find no manifest injustice or miscarriage of justice has occurred. Thus there was no plain error.

The point is denied.

(Resp. Exh. F, pp. 3-5)

The undersigned finds that the Missouri Court of Appeals' determination is not contrary to, nor does it involve an unreasonable application of, clearly established Federal law. As previously stated, admissibility of evidence at state trial is a matter of state law. Palmer v. Clarke, 408 F.3d 423, 436 (8th Cir. 2005). Petitioner is only entitled to federal habeas relief upon a showing that a state court's evidentiary ruling infringes upon a specific constitutional protection or the ruling is so prejudicial that it denies a petitioner of his or her right to due process. Id. The Missouri Court of Appeals specifically found that the admission of the victim's statements did not prejudice Petitioner due to the overwhelming evidence against him. (Resp. Exh. F, p. 5) Petitioner has made no showing to the contrary. Thus, his first claim for habeas relief should be denied because it lacks merit.

## Claim Two

Petitioner asserts in claim 2 that trial counsel was ineffective for failing to properly preserve objections to hearsay testimony provided by the victim prior to her death. Although the Respondent claims that this claim is procedurally barred because Petitioner failed to properly raise this claim in the State courts, careful reading of Petitioner's claim demonstrates that he did assert this ground in his Rule 29.15 motion and in his post-conviction appeal. (Petition, p. A1; Resp. Exh. G, p. 11, Exh. I, p. 12)

However, the undersigned finds that his claim is without merit and should be denied. Petitioner contends that, although trial counsel filed a pretrial motion in limine to exclude the victim's statements and a continuing objection to the admission of such statements, counsel failed to reference these hearsay statements in the motions for acquittal and for a new trial. The Missouri Court of Appeals addressed this claim and found:

5

> In his sole point relied on, Movant maintains the motion court clearly erred in denying his Rule 29.15 motion because he proved his claim for ineffective assistance of counsel. Movant asserts his counsel was ineffective for omitting from his motion for new trial an argument contesting the trial court's admission of hearsay testimony in which Victim identified Movant as her assailant. He further asserts that if his counsel had included this argument in his motion for new trial, there is a reasonable probability that either: (1) the trial court would have granted him a new trial; or (2) this Court, no longer limited to plain-error review on direct appeal, would have reversed his convictions and remanded for a new trial.
>
> To prevail on such a claim, movant must show: (1) his attorney's representation fell outside the wide range of reasonably competent assistance; and (2) the result of the proceeding was thereby altered. State v. Twenter, 818 S.W.2d 628, 635 (Mo. banc 1991).
>
> . . .
>
> When a movant requests plain-error review of a trial court ruling and the appellate court finds no error of any kind, the issues cannot be relitigated in a post-conviction proceeding. Ringo v. State, 120 S.W.3d 743, 746 (Mo. banc 2003). Defense counsel cannot be found ineffective for failing to contest a proper trial court ruling. Id.
>
> Here, Movant sought plain-error review of the trial court's admission of hearsay testimony. However, this Court, in affirming Movant's conviction on direct appeal, found more than the mere lack of plain error. It also found the testimony was: (1) admissible under the excited utterance exception to the hearsay rule; and (2) not prejudicial because the evidence of guilt was overwhelming. Brooks, No. ED79962, memorandum opinion at 5. Because those issues cannot be relitigated in his Rule 29.15 motion, Movant cannot prevail on his claim that counsel was ineffective for failing to contest the hearsay testimony in his motion for new trial. Ringo, 120 S.W.3d at 746; See also, Shifkowski v. State, 136 S.W.3d 588, 590 (Mo. App. S.D. 2004). Point denied.

(Resp. Exh. K, pp. 3-4)

As previously stated, habeas relief may not be granted unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1)).

"Therefore, we will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in Strickland." Id; see also Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (where state court correctly identifies Strickland as the controlling authority, federal courts "address whether the state court unreasonably applied that precedent and whether the state court unreasonably determined the facts in light of the evidence presented.").

To establish ineffective assistance of counsel petitioner must satisfy a two prong test. Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The prejudice prong requires Petitioner to prove that but for counsel's deficiency, the outcome of his trial would have been different absent counsel's error. Id. at 694; Bucklew, 436 F.3d at 1016. In other words, Petitioner must demonstrate "that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." Bucklew, 436 F.3d at 1016 (citation omitted). Further, "[j]udicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Id. (citation omitted). Because a habeas petition claiming ineffective assistance of counsel involves mixed questions of law and fact, legal conclusions are reviewed de novo, and state court findings of fact are presumed to be correct under 28 U.S.C. 2254(d). Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995) (citation omitted).

In the instant case, Petitioner has not demonstrated that he received ineffective assistance of counsel for failing to raise the hearsay objection in the motions for acquittal and for a new trial. According to Eighth Circuit precedent, counsel is not ineffective under Strickland for failing to raise

7

a claim for which a petitioner could not obtain relief. See, e.g., Burton v. Dormire, 295 F.3d 839, 846 (8th Cir. 2002) (counsel not ineffective for failing to raise recantation where petitioner could not have obtained relief had counsel raised the issue); Grubbs v. Delo, 948 F.2d 1459, 1464 (8th Cir. 1991) (counsel not ineffective for failing to argue a meritless issue). As stated by the Missouri Court of Appeals, trial counsel "cannot be found ineffective for failing to contest a proper trial court ruling." (Resp. Exh. K, p. 4)

Thus, the undersigned finds that the decision of the Missouri Court of Appeals that trial counsel's failure to contest hearsay testimony in the motion for a new trial was not outside the wide range of reasonably competent assistance and did not alter the result of the proceedings was not contrary to, nor an unreasonable application of, Strickland. Further, Petitioner has failed to demonstrate either deficient performance or resulting prejudice. Petitioner's second ground for habeas relief should therefore be denied.

### Claims Three, Four, and Five

In claims three, four, and five, Petitioner argues that he received ineffective assistance of trial counsel. The Respondent contends that each of these claims is procedurally barred, as Petitioner failed to properly raise them in the State courts. The undersigned agrees that Petitioner has procedurally defaulted on these claims.

Petitioner asserts that trial counsel was ineffective for failing to investigate whether medications taken by the victim may have affected her memory; failing to investigate medical evidence indicating that the victim was calm and responsive after the assault; and failing to impeach the State's witness Wilkerson. The record demonstrates, however, that Petitioner did not present these claims to the Missouri courts.

"'[A] habeas petitioner must have raised both the factual and legal bases for each ineffectiveness of counsel claim in the state courts in order to preserve the claim for federal review.'" Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005) (quoting Flieger v. Delo, 16 F.3d 878, 885 (8th Cir. 1994)). Even though a petitioner raises ineffective assistance of counsel claims in a Rule 29.15 motion, failure to include those claims in his appeal to the Missouri Court of Appeals constitutes procedural default. Id. A federal court lacks the authority to reach the merits of procedurally defaulted claims unless petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples of such cause include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials made compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488 (1986)(citation omitted).

The miscarriage of justice exception applies only in extraordinary cases, particularly if a constitutional violation resulted in the conviction of an innocent person. Schlup, 513 U.S. at 327; Murray, 477 U.S. at 496. This requires petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The standard compels petitioner to persuade the court that in light of new evidence, no juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329; Perry v. Norris, 107 F.3d 665, 666 (8th Cir. 1997). The Supreme Court noted in Schlup that claims of actual innocence are rarely successful because this type of evidence is usually unavailable. Id.

Petitioner presented claims 3 and 5 in his Rule 29.15 Amended Motion to Vacate, Set Aside or Correct the Judgment and Sentence. (Resp. Exh. G, pp. 11-12) However, he did not raise these claims in his Rule 29.15 appeal. (Resp. Exh. I) In addition, Petitioner failed to raise claim 4 in any of his post-conviction pleadings. (Resp. Exh. G, I) Thus, Petitioner has procedurally defaulted on these claims, and this Court lacks authority to reach the merits absent a showing of cause and prejudice or actual innocence. Petitioner is unable to make such a showing.

In his habeas Petition and Traverse, Petitioner appears to argue "cause" based upon his assertion that post-conviction motion and appellate counsel failed to properly raise these claims. However, Petitioner had the opportunity to raise claims of ineffective assistance of trial counsel due to alleged abandonment in his Rule 29.15 motion and subsequent appeal. To the extent that post-conviction motion and appellate counsel did not raise these defaulted claims, "there is no right to effective assistance of post-conviction relief counsel." Robinson v. Purkett, No. 4:06-CV-1380 CAS, 2007 WL 2485002, at *6 (E.D. Mo. Aug. 29, 2007) (citations omitted). Therefore, "alleged ineffectiveness of state post-conviction counsel cannot supply the required cause to excuse a procedural default." Brown v. Luebbers, 344 F.3d 770, 775 (8th Cir. 2003) (citations omitted). Further, Petitioner does not claim that he is actually innocent, so the miscarriage of justice exception does not apply.[1] Because Petitioner procedurally defaulted on claims 3, 4, and 5, this Court cannot consider the merits, and those claims should be denied.

---

[1] Petitioner claims in his eleventh ground that he is actually innocent of the crime for which he was convicted. As previously stated, to demonstrate actual innocence, petitioner must present "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. 298, 324 (1995). Here, Petitioner merely recites his version of the facts. This is insufficient under the standard required by Schlup.

## Claims Six through Eleven

In claims 6 through 11, Petitioner claims that his due process rights were violated because there was insufficient evidence connecting him to the murder; the trial court erred in impaneling the jury for various reasons; the trial court erred in allowing a State's witness to be present during voir dire and the evidentiary phase of the trial; the prosecution maliciously prosecuted Petitioner because there was no physical evidence connecting Petitioner to the crime; Petitioner's conviction constituted a "manifest injustice"; and Petitioner was wrongfully convicted and is actually innocent. The Respondent contends that these claims are procedurally barred, as Petitioner failed to raise any of them in his direct appeal. The undersigned agrees that Petitioner procedurally defaulted on these claims.

As previously stated, claims are procedurally defaulted where a petitioner fails to present them to the Missouri Court of Appeals on direct appeal. Evans v. Luebbers, 371 F.3d 438, 445 (8th Cir. 2004). The record indicates that Petitioner raised only one point on direct appeal, pertaining to the victim's statements naming Petitioner as her assailant. (Resp. Exh. D, p. 11) As such, this Court is precluded from addressing the merits absent a showing of cause and prejudice or a miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995).

In his Petition and Traverse, Petitioner concedes that he did not raise these claims on direct appeal. However, he appears to argue cause by alleging that counsel abandoned him on appeal. While ineffective assistance of counsel may be cause to excuse procedurally defaulted claims, "in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court." Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002) (citations omitted). Nowhere does Petitioner properly raise the

11

argument that counsel was ineffective for failing to raise these claims on direct appeal. Indeed, the only ineffective assistance of counsel claim properly before the State court was counsel's failure to raise the hearsay objection in the motions for acquittal and for a new trial. (Resp. Exh. I, p. 12) Therefore, Petitioner is unable to demonstrate cause and prejudice, and claims 6 through 11 should be denied because they are procedurally barred from federal review.[2]

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Larry Brooks for a writ of habeas corpus be **DISMISSED** without further proceedings.

The parties are advised that they have until June 28, 2008 in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of June, 2008.

---

[2] As stated previously, Petitioner is unable to demonstrate actual innocence, as he has failed to present new, reliable evidence not presented at trial.