UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY BROOKS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 4:05-CV-1144 (CEJ) |
| DAVE DORMIRE, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Terry I. Adelman, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On June 17, 2008, Judge Adelman issued a Report and Recommendation, recommending that the petition of Larry Brooks for habeas corpus relief be denied. Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objection is made.

I. **Background**

On October 29, 2000, petitioner's girlfriend Bonnie Sue Hawkins appeared at her neighbor's door covered in blood. Ms. Hawkins stated that petitioner had struck her with a baseball bat. Police officers responded and were again informed by Ms. Hawkins that petitioner wrapped toilet paper around the handle of a baseball bat and struck her. She stated that petitioner was upset because she was trying to end their relationship and had refused to

have sex with him. Ms. Hawkins was taken to a hospital by ambulance. She told the paramedics and the emergency room staff that her injuries had been caused by petitioner. Ms. Hawkins died the next day from a brain hemorrhage. Petitioner was arrested and charged with Ms. Hawkins's murder.

On June 8, 2001, a jury convicted petitioner of murder in the first degree and armed criminal action. Petitioner was sentenced as a prior offender to a term of life imprisonment without the possibility of parole and a consecutive term of twenty-five years' imprisonment. On May 7, 2002, the Missouri Court of Appeals affirmed the judgment. Petitioner then filed a pro se motion for state post-conviction relief. The motion court denied petitioner's motion on September 17, 2003. The Missouri Court of Appeals affirmed this denial on October 19, 2004, and petitioner filed this federal habeas action on July 25, 2005.

Petitioner raises eleven claims for federal habeas relief:

(1) The trial court erred by admitting hearsay evidence;

(2) Counsel was ineffective for failing to properly preserve objections to such hearsay evidence;

(3) Counsel was ineffective for failing to investigate and present evidence on whether any medications taken by the victim may have affected her memory;

(4) Counsel was ineffective for failing to investigate the victim's calm demeanor after the assault;

(5) Counsel was ineffective for failing to present impeachment evidence;

(6) Petitioner's due process rights were violated because there was no physical evidence connecting him to the murder;

(7) The trial court erred in impaneling the jury because, among other things, the venire panel was entirely Caucasian and several of the potential jurors knew the prosecutors;

(8) The trial court erred in allowing a state's witness to be present during voir dire;

(9) Petitioner was maliciously prosecuted because there was no physical evidence connecting him to the murder;

(10) Petitioner's conviction constituted a manifest injustice; and,

(11) Petitioner is innocent and was wrongfully convicted.

The magistrate judge recommended that petitioner's first two claims be denied on the merits and that the remaining claims be denied as procedurally barred. In his objections, petitioner contends that the magistrate judge failed to fully examine the trial transcript and erred in concluding that his claims were procedurally defaulted. Petitioner also objects to the magistrate judge's findings on petitioner's claims of actual innocence. Finally, petitioner argues that a recent Supreme Court decision requires a finding that the victim's statements should have been excluded as hearsay at trial.

**II. Discussion**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus cannot be granted unless: (1) the state decision was either contrary to, or involved an unreasonable application of, clearly established federal law; or (2) the state decision was an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Petitioner's objections seem to focus on whether there was an unreasonable application of clearly established federal law.

"[A]n unreasonable application of federal law is different from an incorrect application of federal law." Williams v. Taylor, 529 U.S. 362, 410 (2000). "Congress specifically used the word 'unreasonable', and not a term like 'erroneous' or 'incorrect'. Id. at 411. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. Instead, "that application must be unreasonable." Id.

The Court first turns to petitioner's contention that the magistrate judge failed to properly examine the criminal trial transcript, resulting in a manifest injustice. There is no basis for such an objection, as there is no reason to believe that the magistrate judge did not review the trial transcript, along with the rest of the record. Further discussion on this objection is not warranted.

Petitioner's second objection pertains to his claims of actual innocence, *i.e.*, that (1) his due process rights were violated because there was insufficient evidence connecting him to the murder; (2) his conviction constituted a manifest injustice; and (3) he was wrongfully convicted and is actually innocent. The magistrate judge found that petitioner had procedurally defaulted on these claims and was unable to demonstrate sufficient new

evidence to raise the actual innocence exception under <u>Schlup v. Delo</u>, 513 U.S. 298, 314-15 (1995).

In support of his objection, petitioner cites to the Supreme Court decision in <u>House v. Bell</u>, 547 U.S. 518 (2006). In <u>Bell</u>, the Court reiterated that, to avoid procedural default based on a claim of actual innocence, petitioner must present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." <u>Bell</u>, 547 U.S. at 537. The Court stated that this "standard is demanding and permits review only in the 'extraordinary' case." <u>Id.</u> at 538. Here, petitioner has not presented any evidence that was not presented at trial. Instead, petitioner argues actual innocence solely by reciting his version of the events. The jury disagreed with petitioner's version, and petitioner has not presented any exculpatory evidence that was not presented before the jury at trial.

Petitioner also argues that these claims were not procedurally defaulted because he previously raised a claim of insufficient evidence. Petitioner contends that his claim of insufficient evidence preserves his actual innocence claims. However, even if petitioner's actual innocence claims are not procedurally barred, they are without merit. There is overwhelming evidence of petitioner's guilt. The victim identified petitioner on multiple occasions in the hours following the assault, stating that petitioner beat her with a baseball bat wrapped in toilet paper. A baseball bat was found in the victim's home along with a roll of

toilet paper nearby. White tissue like fibers were recovered from the handle of the bat. The toilet paper was one possible source of these fibers. A prisoner testified that petitioner admitted that he assaulted the victim with a baseball bat wrapped in toilet paper. Such evidence was certainly sufficient for a reasonable jury to find petitioner guilty of the murder. Petitioner's claims relating to his 'actual innocence' are denied.

Petitioner's third objection is that, because he is actually innocent, the magistrate judge erred in finding that he had procedurally defaulted on his claims numbered three through eight. However, as discussed above, petitioner's actual innocence claims have no merit. The magistrate judge was correct in his conclusion that these claims have been procedurally defaulted, and that petitioner has not made a showing of cause and prejudice or actual innocence. Therefore, petitioner's third objection is denied.

Petitioner's fourth and fifth objections relate to his claim that hearsay testimony was improperly admitted and used against him at trial. Petitioner claims that the victim's statements, identifying him as the assailant, should have been excluded as hearsay. The Missouri Court of Appeals denied this claim on the merits, finding that the statements made by the victim fell within the excited utterance exception and were properly admitted. The court then stated that "even if the testimony was not properly admitted . . . the defendant was not prejudiced because there was overwhelming evidence of his guilt." The magistrate judge found

that this analysis was neither contrary to, nor an unreasonable application of clearly established federal law.

In his fourth objection, petitioner contends that the court applied the wrong standard in finding that, even if an error had occurred, it was harmless because of overwhelming evidence of petitioner's guilt. Petitioner cites to the case of Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991) to support his contention that an error must be harmless beyond a reasonable doubt. This objection is without merit, as the Missouri Court of Appeals did not find that the error was harmless. Indeed, the appellate court found that no error had occurred, harmless or otherwise. The statements were deemed admissible. The appellate court simply noted in passing that, even assuming that the statements were inadmissible, such an error would have been harmless. This alternative analysis is not contrary to federal law.

In his fifth objection, petitioner argues that a recent Supreme Court decision supports his claim that the victim's statements should have been excluded from trial. In Giles v. California, 128 S.Ct. 2678 (June 25, 2008), the Supreme Court discussed the "forfeiture by wrongdoing" exception to a defendant's right to cross-examine witnesses who provide testimony against him. A California state court had found that testimony of a murder victim was admissible under the doctrine of forfeiture by wrongdoing, in that, by murdering the victim, the defendant had prevented her from being available for cross-examination. In doing so, the state court did not consider whether the defendant intended

to keep the victim from testifying.  The Supreme Court remanded the matter, finding that, prior to applying the forfeiture by wrongdoing doctrine, the court must first examine whether the defendant acted with the intent of making the witness unavailable for trial.  Id. at 2693.  Petitioner believes that Giles prevents the admission of any statements made by a murder victim into evidence at the trial for the victim's murder, since it is impossible for the intent element to be satisfied in those instances.  Petitioner contends that Giles requires a finding in this case that the court erred in admitting the victim's out of court statements.

The protections of the confrontation clause only apply to out of court statements that are testimonial in nature.  Davis v. Washington, 547 U.S. 813, 821 (2006).  "Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency."  Id.  "They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution."  Id.  The statements made by the victim in this case were nontestimonial in nature, even though they identified petitioner as the assailant.  The statements were each made in the course of an ongoing emergency.  The victim had suffered a severe head injury and was in need of emergency medical

attention. Her statements to the paramedics and emergency room employees regarding the cause of her injuries were nontestimonial. Likewise, her statements to her neighbor and the police officer who responded to the scene were also nontestimonial, in that they were in response to an ongoing emergency. See United States v. Clemmons, 461 F.3d 1057, 1060-61 (8th Cir. 2006)(finding that a shooting victim's statements to a police officer, that defendant had shot him and stolen his pistol, were nontestimonial). For these reasons, petitioner's objection based on the Giles decision will be overruled.

Petitioner's final objection relates to his claim that defense counsel was ineffective for failing to properly preserve objections to the admission of the hearsay testimony. Because the statements properly fell within the excited utterance exception, their admission does not constitute improper hearsay. Counsel cannot be ineffective for failing to raise or preserve a claim for which petitioner could not obtain relief. See Burton v. Dormire, 295 F.3d 839, 846 (8th Cir. 2002). Therefore, petitioner's ineffective assistance of counsel claim is without merit and petitioner's sixth objection is denied.

Petitioner's objections to the Report and Recommendation are overruled. Petitioner has not shown that the prior adjudication of his claims in ht state courts was contrary to, or involved an unreasonable application of clearly established federal law. Nor has petitioner shown that the state courts' adjudication was based

on an unreasonable determination of the facts in light of the evidence presented. Federal habeas relief is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Terry I. Adelman [#39] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of Larry Brooks for a writ of habeas corpus [#1] is **denied.**

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

                                                                                      _____
                                                                                      CAROL E. JACKSON
                                                                                      UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2008.